IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAKIM WAKEEL** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **TAMMY FUGERSON, THE DISTRICT** | : | |
| **ATTORNEY OF THE COUNTY OF** | : | |
| **JOHN MORGANELLI and THE** | : | |
| **ATTORNEY GENERAL OF THE** | : | |
| **STATE OF JOSH SHAPIRO** | : | NO. 18-3050 |

## MEMORANDUM

**Savage, J.**                                                                             **March 23, 2023**

Three and a half years after his federal *habeas* petition was denied, Hakim Wakeel has filed a motion for relief under Federal Rule of Civil Procedure 60(b). Because the motion is untimely and is actually a second or successive *habeas* petition, we shall deny it.

Petitioner Hakim Wakeel was convicted of robbery, assault, recklessly endangering another person, and terroristic threats arising out of a home invasion. On June 12, 2009, he was sentenced to an aggregate term of imprisonment of 28-74 years. On appeal, the Pennsylvania Superior Court affirmed his conviction, but found his sentence illegal. On February 23, 2011, on remand, he was resentenced to a term of 315-846 months.

After his resentencing, Wakeel filed another appeal to the Pennsylvania Superior Court which again affirmed his conviction on March 30, 2012. He did not seek review in the Pennsylvania Supreme Court. More than a year later, on April 10, 2013, he filed a petition for relief pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"). After

an evidentiary hearing, the PCRA court denied the petition.

On appeal, the Superior Court remanded and allowed Wakeel to file an amended PCRA petition. Once again, the PCRA court held an evidentiary hearing. On May 3, 2016, it denied the counselled amended petition. On June 9, 2017, the Superior Court affirmed.

On August 28, 2017, Wakeel filed a *pro se* PCRA petition seeking reinstatement of his right to file for allowance of appeal in the Pennsylvania Supreme Court. After his petition was granted, he filed a petition for allowance of appeal. On March 13, 2018, the Pennsylvania Supreme Court denied the petition.

On June 16, 2018, Wakeel filed a petition for *habeas* relief in this court. On February 27, 2019, his *habeas* petition was denied and dismissed. We allowed Wakeel to file belated objections to the magistrate judge's report and recommendation. On June 20, 2019, we overruled his objections and again denied the *habeas* petition. On September 16, 2022, through counsel, Wakeel filed this Rule 60(b) motion.

## DISCUSSION

Wakeel does not specify what subsections of Rule 60(b) he is invoking, stating only that the motion is brought under Rule 60(b). If the motion is under Rule 60(b)(6), it was not brought within a reasonable time. If it is a motion under Rule 60(b)(2) or (3), it was not filed within one year of the judgment or order challenged. Fed. R. Civ. P. 60(c).

There is no specific time limit for filing a motion pursuant to Rule 60(b)(6). But, it must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1). The Third Circuit Court of Appeals has held that two years is unreasonable. *Moolenaar v. Gov't of Virgin*

*Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). If two years is not reasonable, three years is not.

Wakeel casts his motion as an independent action based on fraud on the Court. He claims that a cooperating witness who implicated him at his trial denied he had a deal with the prosecutor and the prosecutor failed to disclose that the witness had lied about it. Thus, to the extent his claim is based on fraud, it falls under Rule 60(b)(3).

Wakeel may also be asserting his claim as newly discovered evidence under Rule 60(b)(2). When he filed his *habeas* petition on July 20, 2018, Wakeel already knew that the cooperating witness, Julius Lopez, had admitted at both the co-defendant's trial and at his 2016 PCRA hearing that he had lied at Wakeel's trial. Wakeel's co-defendant Angel Echevarria's trial was held in January 2010 --- more than nine years before Wakeel filed his *habeas* petition. Lopez also admitted at Wakeel's 2016 PCRA hearing that he had lied about a plea deal at Wakeel's trial. Therefore, the facts supporting a claim for fraud or newly discovered evidence were known to Wakeel before he filed his *habeas* petition.

Wakeel's *habeas* petition was denied on June 20, 2019. He did not file his current 60(b) petition until September 16, 2022, rendering claims under Rule 60(b)(2) and (3) untimely. Although petitioner does not specify under what sections he is proceeding, it is apparent that he is claiming newly discovered evidence and fraud under Rule 60(b )(2) and 60 (b)(3). To avoid the one-year limitation period, he characterizes his motion as one under the "extraordinary circumstances" catch-all section of 60(b)(6) and as an independent action. A petitioner cannot characterize a claim under any other subsection

under 60(b) as one under the catch-all provision of 60(b)(6) to avoid the one-year limitation. *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975).

Even if Wakeel's motion were timely, it would still fail as an improper successive petition. Wakeel offers nothing new in support of his claims. He does not submit any new evidence of actual innocence. He merely reiterates the claims made in his *habeas* petition and his objections to the Magistrate Judge's Report and Recommendation.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner cannot file a second or successive petition for writ of *habeas corpus* without first seeking and receiving approval from the court of appeals. Absent such authorization, the district court is not permitted to consider the merits of the subsequent petition. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

Rule 60 may not be used to challenge once again the movant's underlying conviction after his *habeas* petition attacking the same conviction has been denied. It may not be used as a substitute for appeal. A determination whether the Rule 60 motion is a "second or successive" *habeas* petition turns on whether the petitioner is attempting to relitigate the merits of his earlier *habeas* petition or underlying conviction or is attacking the "manner in which the habeas judgment was procured . . . ." *Pridgen v. Shannon*, 380 Fed. 3rd 721, 727 (3rd Cir. 2004). Where the motion is a renewed argument of issues decided in a previous *habeas* petition, it is successive. *Id.*

The instant motion raises essentially the same grounds as were raised in the habeas petition. The petitioner has not sought an order from the Third Circuit allowing us to consider this subsequent petition in the guise of a Rule 60(b) motion. Therefore,

without authorization from the Third Circuit, we do not have jurisdiction. *Robinson*, 313 F.3d at 140.